IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PATRICK JAMES McNAMARA, )
)
Petitioner, )
)
v. ) Civil Action No. 3:11CV152–HEH
)
COMMONWEALTH OF VIRGINIA, )
DIVISION OF CHILD SUPPORT )
ENFORCEMENT, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION
### (Dismissing § 2254 Petition for Failure to Exhaust State Remedies)

Patrick James McNamara, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum Order entered on May 11, 2011, the Court ordered McNamara to show cause, within eleven (11) days of the date of entry thereof, why his petition should not be dismissed for failure to exhaust his state remedies.

McNamara responded that he "can't get an unbiased hearing . . . in state courts because [he] sued the Commonwealth of Virginia, Division of Child Support Enforcement for ruining [his] retirement."[1] (Pet'r's Resp. 1.) Because of this,

---

[1] McNamara contends that he cannot get a fair hearing because the judge and representative of the Division of Child Support Enforcement call each other by their first names. (Pet'r's Resp. 1.) He also mentions that his case in Juvenile and Domestic Relations Court was disposed of more quickly than other cases in that court. (*Id.*)

avers that he "had no recourse but to file the § 2254 [h]abeas petition for relief in the Federal Court." (*Id.*)

## I. ANALYSIS

"[T]he exhaustion requirement 'is rooted in considerations of federal-state comity' and Congress' determination . . . that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of requiring exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)

In order to exhaust his state court remedies, a habeas petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

McNamara has not shouldered the burden of proving that he has exhausted his available state court remedies. His petition for a writ of habeas corpus specifically states that his only attempt at the appellate process was an untimely appeal from the Juvenile & Domestic Relations Court. Accordingly, McNamara has not exhausted his state

procedural remedies. *See Haines v. Commonwealth*, No. 89-6683, 1989 WL 126760, at *1 (4th Cir. Oct. 13, 1989) (affirming dismissal of § 2254 petition where petitioner failed to take direct appeal to the Virginia Supreme Court and failed to file a state habeas petition).

McNamara contends that the judgment and sentencing in the Juvenile and Domestic Relations Court occurred on October 27, 2010. (Pet. § 2254 ¶ 2(b).) Because McNamara's time in which to file a state habeas petition has not yet expired, *see* Va. Code Ann. § 8.01-654(A)(2), it is appropriate to dismiss the present action for failure to exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A).

## II. CONCLUSION

For the reasons stated above, McNamara's petition for writ of habeas corpus will be denied without prejudice.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or

evidence suggests that McNamara is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

                                                  /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: Jun. 27, 2014
Richmond, Virginia